**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jeff Berg, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Ulmer & Berne, LLP, Martin Marietta | ) | |
| Materials Southwest, Inc., and Victoria | ) | Jury Trial Demanded |
| Langton, | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint**

The Plaintiff, Jeff Berg ("Jeff"), by his attorneys, Bert Zaczek and Amy Pikarsky, states for his Complaint:

**The Parties**

1.      Jeff is a resident of Cook County, Illinois.

2.      Defendant Ulmer & Berne, LLP ("Ulmer") is an Ohio limited liability partnership.  On information and belief, its principal office is in Ohio.  It also has an office in Chicago, Illinois.

3.      Defendant Martin Marietta Materials Southwest, Inc. ("Martin Marietta") is a Texas corporation.

4.      Victoria Langton is a resident of Atlanta.  She previously worked as an associate for Ulmer in its Chicago office.  The Complaint addresses the time period she worked for Ulmer in Chicago.

**Jurisdiction and Venue**

5.      This Court has jurisdiction pursuant to 28 U.S. C. § 1332(a) because the dispute is between citizens of different states and the damages claimed are believed to exceed $75,000 exclusive of interests and costs.

6.      This Court has personal jurisdiction over each Defendant because the effect of the actions complained of took place in Cook County, Illinois.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**Background**

8.      Martin Marietta obtained a judgment against Jeff in the amount of $89,464 in Texas and subsequently registered the judgment in the Circuit Court of Cook County, Illinois on September 10, 2015, as <u>Martin Marietta v. Berg</u>, 15 L 50646 (the "First Lawsuit").  Ulmer represented Martin Marietta in the First Lawsuit.

9.      Martin Marietta subsequently registered the same judgment again in the Circuit Court of Cook County, Illinois on November 16, 2015 as <u>Martin Marietta v. Berg</u>, 15 L 050782 (the "Second Lawsuit").

**Count I**
**Negligence – Ulmer and Langton**

10.      Once a plaintiff has a final money judgment, it can ask the Clerk of the Circuit Court to issue Citations to Discover Assets ("Citations").   Citations are governed by 735 ILCS 5/2-1402 and Ill. Sup. Ct. Rule 277.

11.      A judgment creditor is entitled to ask for a rule to show cause if a judgment debtor is served with a Citation to Discover Assets and fails to appear for an examination.  735 ILCS 5/12-107.5.  The judgment debtor must then show cause why he or she should not be found to be in contempt of court.

12.     On April 25, 2016, Langton and Ulmer reported to the judge handling the First Lawsuit that a citation to discover assets had been served upon Jeff, required his appearance in court on January 19, 2016, and that he had failed to appear and submit for an examination of his assets.

13.     No citation had been served on Jeff prior to April 25, 2016.  Ulmer does not have an affidavit from a process server or any other evidence that the citation was served before then.

14.     Upon information and belief, Ulmer never showed any documents to the court to justify the body attachment.  Had it even attempted to do so, the lack of support for a rule to show cause might have been discovered.

15.     Nonetheless, the court issued a rule to show cause against Jeff on April 25, 2016.

16.     There was no justification for Ulmer to request a Rule to Show Cause.  No citation had ever been served on Jeff.

17.     On May 12, 2016, the court hearing the First Lawsuit issued a body attachment order for Jeff.

18.     The Cook County Sheriff subsequently arrested Jeff.  He was transported to the Richard J. Daley Center, held in custody, and finally released after appearing in front of the judge who had issued the body attachment order.

19.     At all times, Langton and Ulmer owed a duty to provide only accurate information to the Court and to refrain from providing untruthful information.

20.     Ulmer and Langton breached that duty.

21.     Jeff suffered damages including the detention and the embarrassment.

22.     Jeff's damages were the proximate result of Ulmer and Langton's actions.

**Wherefore**, the Plaintiff, Jeff Berg, request that a judgment be entered against Ulmer & Berne, LLP and Victoria Langton in excess of $75,000.

## Count II
## Negligence - Martin Marietta

23.    Jeff realleges paragraphs 1-9.

24.    On September 2, 2016, Jeff informed Martin Marietta's attorneys that Martin Marietta had registered the same judgment twice against him.

25.    Despite that, as of April 24, 2018, Martin Marietta has taken no steps to vacate either foreign judgment that it registered.  Consequently, anyone who searches the court records will be led to believe that Jeff owes Martin Marietta in excess of $160,000.

26.    Martin Marietta owed Jeff a duty to refrain from registering the same judgment more than once.

27.    Martin Marietta breached that duty.

28.    Jeff has suffered damages as a result of the double registration including the fact that he has been required to resort to litigation to have the mistake corrected.

29.    Jeff's damages are a proximate result of Martin Marietta's breaches.

**Wherefore**, the Plaintiff, Jeff Berg, request that a judgment be entered against Martin Marietta Materials Southwest, Inc. in excess of $75,000 and that Martin Marietta be required to take action to cause one of the registered judgment cases to be vacated.

Respectfully submitted,

**Jeff Berg**

By:     /s/<u>James (Bert) Zaczek</u>

Bert Zaczek
Amy Pikarsky
311 N. Aberdeen
Suite 200-D
Chicago, IL 60607
T: 312-527-1090
Attorney I.D.: 6217079

### Jury Demand

The Plaintiff, Jeff Berg, demands trial by jury pursuant to Fed. R. Civ. Pro. 38(b) on all matters so triable.

Respectfully submitted,

**Jeff Berg**

By:   /s/<u>James (Bert) Zaczek</u>

Bert Zaczek
Amy Pikarsky
311 N. Aberdeen
Suite 200-D
Chicago, IL 60607
T: 312-527-1090
Attorney I.D.: 6217079